IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Cedrick Clinkscales,           )
                                   )
                 Petitioner,   )
                                   )
       vs.                    )
                                   )
Robert M. Stevenson, III,      )
                                   )
               Respondent.   )
_____)

Civil Action No. 6:11-1160-TMC-KFM

**REPORT OF MAGISTRATE JUDGE**

        The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

        Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## PROCEDURAL HISTORY

        The petitioner is currently confined at the Broad River Correctional Institution in the South Carolina Department of Corrections ("SCDC") pursuant to orders of commitment from the Clerk of Anderson County. The petitioner was indicted by the Anderson County Grand Jury during the November 30, 2004 Term of the Anderson County Court of General Sessions for Murder (2004-GS-04-2963) and Possession of a Firearm During the Commission of a Violent Crime (2004-GS-04-2964) (App. 256-59). The petitioner was represented by Bruce Byrholdt, Esquire (App. 1-255). The State was represented by Assistant Solicitor Catherine T. Huey of the Tenth Judicial Circuit. On October 10-11, 2005, the petitioner was tried by a jury before the Honorable Ned Miller, Circuit Court Judge. The petitioner was found guilty of murder and possession of a firearm

during the commission of a violent crime (App. 244).  Judge Miller sentenced the petitioner to 40 years confinement for the murder conviction and five years confinement on the possession of a firearm during the commission of a violent crime conviction (App. 253).

### Underlying Facts

On August 14, 2004, the petitioner shot and killed Kendra Richardson in her home in Anderson County.  The petitioner was identified by the victim's mother and son as the shooter (App. 66, 85-88).  The victim's mother indicated she did not see the shooting, but was in the home and heard the shooting (*see* App. 72-3).  The victim's mother also testified that the victim stated the petitioner shot her.  The victim's mother also testified she saw the gun in the petitioner's hand (App. 61-2, 66).  The victim's son saw the petitioner pointing his gun at the victim (App. 85-88).

Kelvin Taylor, a friend of the petitioner, testified he was with the petitioner on the day of the shooting.  He recalled waiting in the car while the petitioner went in the house.  Taylor also remembered hearing some commotion and then witnessing the petitioner running out of the house with a gun in his hand.  Taylor indicated the gun was a .38 revolver (App. 146-48).  Subsequently, while Taylor and the petitioner were driving to New Jersey, Taylor testified that the petitioner stated he thought he killed the victim[1] (App. 149-51).  Bullets retrieved from the victim were consistent with being fired by a .38 revolver (App. 193-94).  The victim bled to death as a result of the gunshot wounds (*see* App. 198-203).

### Direct Appeal

On October 13, 2005, the petitioner timely served and filed a Notice of Appeal. On appeal, the petitioner was represented by Joseph L. Savitz, III, Chief Attorney with the

---

[1]Immediately after the shooting, the petitioner and Taylor drove to New Jersey (App 147-55), and then they drove to Richmond, Virginia (App. 155).  The petitioner and Taylor parted ways in Virginia (App. 155-56).  The petitioner's car was found in Ewing, New Jersey (App. 213).

South Carolina Commission on Indigent Defense, Division of Appellate Defense.  The petitioner's appeal was perfected with the filing of a Final *Anders* Brief of Appellant.  In the Final *Anders* Brief, counsel argued the trial judge committed reversible error by failing to instruct the jury on the lesser included offense of voluntary manslaughter, where two State's witnesses testified that the shooting followed a verbal and physical altercation between the petitioner and Richardson (the victim).  The petitioner filed a "45 Day Pro Se Brief of Appellant."  In the *pro se* brief, the petitioner asserted ten arguments.

First, he contended the trial court erred in allowing the State to present facts not in evidence before the jury in the State's opening argument.  Second, he contended the trial court erred in allowing a hearsay oral statement at trial.  Third, he argued the trial court erred in ruling the State's witness Kelvin Taylor was competent to testify at trial.  Fourth, he asserted he was denied a fair trial by the State's introduction of bad character evidence at trial. Fifth, he claimed the trial court erred in failing to grant the directed verdict motion.  Sixth, he argued the trial court erred in failing to give the lesser-included charge of voluntary manslaughter.  Seventh, he argued the trial court's reasonable doubt charge was erroneous.  Eighth, he asserted the trial court's malice instruction shifted the burden of proof.  Ninth, he claimed the trial court's circumstantial evidence charge was erroneous.  Finally, in his tenth claim, the petitioner alleged the trial court erred in allowing a 911 tape with a tape recorder be in the jury room during deliberations.

In an unpublished Opinion filed April 14, 2008, the South Carolina Court of Appeals dismissed the petitioner's appeal.  In the Opinion, the Court of Appeals noted the petitioner appealed his convictions for murder and possession of a weapon during the commission of a violent crime.  The petitioner contended the trial court erred in refusing to charge voluntary manslaughter.  The petitioner's counsel attached a petition to be relieved, stating he reviewed the record and concluded this appeal lacked merit. The petitioner filed a *pro se* brief raising numerous issues.  After a thorough review of the record, counsel's

3

brief, and the petitioner's *pro se* brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Williams*, 406 S.E.2d 357 (S.C. 1991), the Court of Appeals dismissed his appeal and granted counsel's motion to be relieved. The Remittitur was issued on April 30, 2008.

### State Post-Conviction Relief

The petitioner filed an Application for Post-Conviction Relief ("PCR") on July 29, 2008 (2008-CP-04-02468), alleging ineffective assistance of trial counsel and lack of subject matter jurisdiction. Specifically, the petitioner asserted the following five claims: (1) defense counsel was ineffective in failing to request the lesser-included offense of voluntary manslaughter when the evidence presented warranted the charge be given; (2) the trial court lacked subject matter jurisdiction due to an element flaw in the indictment for the murder; (3) the State failed to prove a malice murder; (4) counsel was ineffective in failing to argue that the time and place of death was a defense to the indictment; and, (5) trial counsel was ineffective in failing to place an objection to the State's final summation (App. 260-91). The State filed its Return on October 31, 2008 (App. 292-97).

On March 17, 2009, an evidentiary hearing was held in the PCR action before the Honorable J. Cordell Maddox, Circuit Court Judge. The petitioner was present with his attorney Kenneth Sowell. Assistant Attorney General Gregory P. Jones represented the State (App. 298-329). On May 26, 2009, the PCR court filed its Order of Dismissal with Prejudice (App. 333-41). In the order, the PCR court noted that at the PCR evidentiary hearing, the petitioner claimed that defense counsel was ineffective in failing to request the lesser-included offense of voluntary manslaughter; for failing to argue time and place of death as a defense to the indictment; for failing to object during the State's closing argument; and for failing to challenge the arrest warrant on the basis that the trial judge failed to certify service of the arrest warrant (App. 334).

4

On cross-examination at the PCR hearing, the petitioner conceded that he told counsel several versions of the facts of the case. The petitioner admitted that he did not want to testify because he did not want his criminal record mentioned during the trial. Bruce Byrholdt, the petitioner's attorney, testified that he discussed the case with the petitioner on multiple occasions. Mr. Byrholdt testified that the petitioner provided him with several different versions of the facts of the case. Mr. Byrholdt testified that he investigated the case by interviewing witnesses and police investigators. Mr. Byrholdt testified that he received and discussed discovery with the petitioner (App. 334-35). Mr. Byrholdt testified that he did not challenge the arrest warrant on the basis that the warrant was not certified for service by the trial judge, because from his past experience most trial judges do not certify service of arrest warrants (App. 335).

Mr. Byrholdt testified that his trial strategy was to point out to the jury that there was insufficient evidence. He attempted to point out to the jury problems with the police investigation and that no eyewitnesses saw the petitioner shoot the victim. Mr. Byrholdt further testified that he attempted to point out to the jury that the State's eyewitnesses were not credible and that the murder weapon was never found, and that he attempted to suggest to the jury that the victim shot herself because gunpowder residue was found on the victim's hands (App. 335).

Mr. Byrholdt testified that did not pursue a voluntary manslaughter defense because no evidence of legal provocation existed. Mr. Byrholdt testified that a self-defense strategy was not viable because no witnesses were willing to testify that victim attempted to shoot the petitioner first. Mr. Byrholdt testified he suggested that the petitioner testify during trial; however, the petitioner was adamant about not testifying due to his prior criminal record. Mr. Byrholdt testified that he did not see anything objectionable about the State's request for guilty verdict during closing statements. Mr. Byrholdt testified that he argued the time and place of the crime during his closing argument (App. 335).

5

The PCR court noted it had reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. Furthermore, the PCR court reviewed the Clerk of Court records regarding the subject's conviction, the petitioner's records from the SCDC, the application for PCR, the trial transcript, appellate records, and legal arguments of counsel. Pursuant to South Carolina Code Annotated § 17-27-80 (2003), the PCR court made findings of fact based upon all of the probative evidence presented (App. 337).

For a defendant to be entitled to a jury instruction on a lesser-included offense, there must be some evidence in the record that would tend to show that the defendant is guilty of the lesser rather than the greater offense. *State v. Fields*, 589 S.E.2d 792 (S.C. Ct. App. 2003); *State v. Funchess*, 229 S.E.2d 331 (S.C. 1976). The possibility that the jury might believe some of the State's case and not the rest is an insufficient argument for a lesser-included offense instruction. *Funchess*, 229 S.E.2d at 332. Where defendant's defense is that he did not participate in the crimes at all, a lesser-included offense instruction would not be warranted. *See Moultrie v. State*, 583 S.E.2d 436 (S.C. 2003) (where defendant's defense was that he never assaulted the victim at all, a lesser-included offense charge was not warranted) (App. 337).

The PCR court found no evidence in the record that would support a lesser-included offense charge of voluntary manslaughter. The petitioner's defense was that he did not shoot the victim. In such circumstances, a lesser-included offense instruction would not be warranted. The PCR court found that counsel was not ineffective for failing to request a jury charge on manslaughter (App. 338).

The PCR court found that the petitioner's allegation that counsel was ineffective for not presenting a voluntary manslaughter defense was without merit. Counsel testified that he discussed a voluntary manslaughter defense with the petitioner. However,

6

counsel testified that during pre-trial discussions the petitioner was adamant that he was completely innocent. Additionally, counsel testified that no legal provocation existed to warrant a manslaughter strategy. Thus, the PCR court found that counsel presented valid reasons at the evidentiary hearing to not present a trial defense of voluntary manslaughter where the petitioner insisted upon a trial strategy of complete innocence. Therefore, the PCR court denied and dismissed this allegation (App. 338).

The State's closing arguments must be confined to evidence in the record and the reasonable inferences that may be drawn from the evidence. *State v. Copeland*, 468 S.E.2d 620 (S.C. 1996). Furthermore, the solicitor's closing argument must not appeal to the personal biases of the jurors. It is well established in South Carolina that an improper closing argument does not automatically require reversal of a conviction. *State v. Huggins*, 481 S.E.2d 114 (S.C. 1997); *State v. Copeland*, 468 S.E.2d 620 (S.C. 1996) (App. 338). For a solicitor's comments to warrant a reversal of a conviction, the comments must so infect the proceeding with unfairness as to deny the Applicant due process." *State v. Hamilton*, 543 S.E.2d 586, 596 (S.C. 2001); *Vaughn v. State*, 607 S.E.2d 72 (S.C. 2004); *State v. King*, 561 S.E.2d 640 (S.C. Ct. App. 2002) (App. 338-39). Improper comments do not automatically require reversal if they are not prejudicial to the defendant, and the appellant has the burden of proving he did not receive a fair trial because of the alleged improper argument. *Simmons v. State*, 503 S.E.2d 164 (S.C. 1998) (App. 339).

The PCR court found nothing in the State's closing arguments at trial that would rise to the levels contemplated in *Hamilton*. The solicitor's request from the jury of a verdict of guilty did not impermissibly appeal to the passions and prejudices of the jury. The PCR court found that the solicitor's comments did not "so infect the trial with unfairness as to make the resulting conviction a denial of due process." 543 S.E.2d at 596. The solicitor's arguments were permissible, and her references to evidence were proper and

reasonable inferences made based on the evidence in the record. Therefore, the PCR court denied and dismissed this allegation (App. 339).

The PCR court found that the petitioner's claim that trial counsel failed to argue the time and place of victim's death was without merit. The PCR court found that trial counsel did argue the time and place of the death during counsel's closing summation (App. 224-25). Therefore, the PCR court denied and dismissed this allegation (App. 339).

The PCR court found that the petitioner's claim that trial counsel failed to challenge the issuance of an arrest warrant that was not certified for service by the trial judge was without merit. In this case, counsel testified that the trial judge signed the arrest warrant; however, the trial judge failed to certify for service. Counsel testified that from his professional experience trial judges do not normally certify an arrest warrant for service; thus, counsel testified that although the trial judge did not certify service, the trial judge did sign the arrest warrant. Thus, counsel testified that there was no basis to challenge the issuance of the arrest warrant. Therefore, the PCR court found that trial counsel provided a reasonable explanation for not challenging the arrest warrant (App. 339-40).

Additionally, the PCR court found that the petitioner failed to show that he was prejudiced by counsel's alleged ineffectiveness. An illegal arrest does not in and of itself prevent or void a criminal prosecution. *United States v. Crews*, 445 U.S. 463 (1980). The mere fact that an arrest warrant was improperly issued is no bar to a prosecution on a subsequent indictment by which the court acquires jurisdiction over the person. *State v. McCoy*, 177 S.E.2d 601 (S.C. 1970). The PCR court found that the Grand Jury returned valid indictments against the petitioner. Therefore, this allegation was denied and dismissed (App. 340).

As to any and all allegations, which were or could have been raised in the application or at the hearing in this matter, but were not specifically addressed in the PCR Court's Order, the PCR court found that the petitioner failed to present any probative

8

evidence regarding such allegations. Accordingly, the PCR court found that the petitioner waived such allegations and failed to meet his burden of proof regarding them. Accordingly, they were denied and dismissed with prejudice (App. 340). Based on all the foregoing, the PCR court found and concluded that this application for PCR must be denied and dismissed with prejudice. The petitioner was advised of his appeal rights (App. 341).

On June 12, 2009, the petitioner timely served and filed his Notice of Appeal. On appeal, the petitioner was represented by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. The appeal of the PCR court's order was perfected with the filing of a *Johnson* Petition for Writ of Certiorari. In the *Johnson* petition, counsel argued defense counsel was ineffective in failing to request a jury instruction on the lesser included offense of voluntary manslaughter. The petitioner also filed a *pro se* brief in which he asserted the following six arguments: (1) defense counsel was ineffective in failing to argue the time and place of death as a defense to the indictment; (2) defense counsel was ineffective for failing to object to the Certificate of Service not being signed by the judge on the arrest warrant; (3) the State failed to prove malice murder; (4) counsel was ineffective in not requesting a voluntary manslaughter charge; (5) the trial court lacked subject matter jurisdiction; and, (6) defense counsel was ineffective in failing to place an objection to the State's final summation.

On August 19, 2010, the South Carolina Supreme Court issued a letter order denying the *Johnson* Petition for Writ of Certiorari. In the order, the Supreme Court noted this matter was before it on a petition for a writ of certiorari following the denial of the petitioner's application for PCR.

The petitioner's counsel asserted that the petition was without merit and requested permission to withdraw from further representation. The petitioner had filed a *pro se* petition.

After careful consideration of the entire record as required by *Johnson v. State*, 364 S.E.2d 201 (1988), the Supreme Court denied the petition and granted counsel's request to withdraw.  The Remittitur was issued on September 9, 2010.

### *Federal Petition*

In the federal petition now at issue, the petitioner alleges as follows (verbatim):

**Ground One**:  Whether the trial court violated the petitioner's constitutional right to a fair trial when the trial court issued a presumed malice charge in a manner that shifted the burden of proof from the state to the petitioner.

**Supporting facts**:  Trial judge instructed jury that malice can be presumed from the use of a deadly weapon, without addressing the State's burden of proof of intent of malice. The State Appellate Court unreasonably refused to extend the governing federal law to this context where it should apply.

**Ground Two**:  Whether the petitioners sixth amendment right was violated when trial counsel failed to request a lesser included offense of voluntary manslaughter in a murder trial, when the evidence presented warranted the lesser included charge to be given

**Supporting facts**: Evidence presented at trial revealed that petitioner and victim were romantically involved, and apparently arguing and fighting at the time of the shooting. The state appellate court's conclusion that there exist no evidence of sufficient legal provocation to warrant a manslaughter charge, represents both an unreasonable determination of the facts presented, and an unreasonable application of clearly established federal law.

**Ground Three**: Whether petitioners sixth amendment right to counsel was violated when counsel failed to challenge the sufficiency of the indictment prior to jury empanelment, as required by law.

**Supporting facts**: Counsel testified at the PCR hearing that he challenged the sufficiency of the murder indictment during his closing arguments, where your'e [sic] supposed to challenge indictment before jury is sworn in, the state failed to allege, and or prove, the time and place of death. The State's conclusion that counsel rendered effective assistance of counsel

10

represents an unreasonable application of clearly established federal law, under the standard in Strickland.

(Pet. at 5, 6, 8, 17).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the the the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989).  "Only

11

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable

application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is *de novo. See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA *de novo* standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

### *Procedural Bar*

The respondent argues that Ground One was procedurally defaulted in state court. This court agrees with the petitioner's argument that the claim is not procedurally defaulted (*see* pet. brief 1-4). In Ground One, the petitioner asserts the trial court's instruction on implied malice from the use of a firearm unconstitutionally shifted the burden of proof in his case. The petitioner raised this issue in his *pro se* brief on direct appeal (*see* App. 237). After a thorough review of the record, counsel's brief, and the petitioner's *pro se* brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Williams*, 406 S.E.2d 357 (S.C. 1991), the Court of Appeals dismissed his appeal and granted counsel's motion to be relieved. The argument "that an issue raised and rejected on appeal by a *Johnson*[2] brief or an *Anders* brief is insufficient for exhaustion purposes because it 'is not on the merits' . . . has been consistently rejected by judges of this court." *McDaniel v. McCall*, C.A. No. 1:09-1348-MBS-SVH, 2010 WL 3824708, at *7 (D.S.C. 2010) (citing

---

[2]*Johnson v. State*, 364 S.E.2d 201 (S.C.1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

cases), *Report and Recommendation adopted by* 2010 WL 3824643 (D.S.C. 2010). Accordingly, the court will address this claim on the merits.

The respondent further argues that Ground Three is procedurally barred. This court agrees. In Ground Three, the petitioner contends trial counsel was ineffective in not objecting to the sufficiency of the indictment prior to jury empanelment. While the petitioner raised ineffective assistance of counsel claims based on counsel's alleged failure to argue time and place of death as a defense to the indictment and failure to challenge the arrest warrant (*see* App. 334; *see also* Pro Se Brief of Pet. in Resp. to *Johnson* Pet.), the petitioner did not raise this specific claim in his PCR action. Further, the PCR court did not rule upon this claim. Since this claim was not raised and ruled upon in the PCR court, it was not preserved for review for the South Carolina Supreme Court. *Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (issue must be both raised and ruled upon by the PCR court to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend judgment); *see Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009) (acknowledging same applied consistently and regularly in South Carolina after *Marlar v. State*, 653 S.E.2d 266 (2007)). As a result, this claim was not properly presented to the South Carolina Supreme Court. Since the petitioner did not present this claim to the South Carolina Supreme Court for review, and the South Carolina state courts would find it procedurally defaulted if the petitioner attempted to raise it now, this claim is procedurally barred in federal habeas corpus. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722 (1991).

Accordingly, Ground Three is procedurally barred absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The petitioner expresses no particular cause for procedurally defaulting on this ground. The petitioner had a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise this issue, and he failed to raise it, raise it properly, or to preserve the issue for habeas review. The

petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve this issue.

In the alternative, the petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). The petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual innocence gateway, a petitioner's case must be "truly extraordinary." *Id.*

As argued by the respondent, the record would make an assertion of actual innocence incredible. The petitioner was identified by the victim's mother and son as the shooter (App. 66, 85-88). The victim's mother indicated she did not see the shooting, but was in the home and heard the shooting (*see* App. 72-3). The victim's mother also testified that the victim stated the petitioner shot her (App. 61-2, 66). The victim's mother also testified she saw the gun in the petitioner's hand (App. 66). The victim's son actually saw the petitioner pointing his gun at the victim (App. 85-88). Kevin Taylor testified he was with the petitioner on the day of the shooting. He recalled waiting in the car while the petitioner went in the house. Taylor also remembered hearing some commotion, and then witnessed the petitioner running out of the house with a gun in his hand (App. 146-47). Taylor also noted that the petitioner stated he thought he killed the victim (App. 149-51). Bullets retrieved from the victim were consistent with being fired by a .38 revolver (App. 193-94). The victim bled to death as a result of the gunshot wounds (*see* App. 198-203). The petitioner cannot show actual innocence.

### *Merits*

### *Ground One*

In Ground One, the petitioner asserts the trial court's jury instruction on implied malice from the possession of a deadly weapon unconstitutionally shifted the burden onto the petitioner. At trial, the trial court instructed the jury as follows:

15

Now, malice aforethought may be expressed or inferred. And these terms, expressed and inferred, do not meet different kinds of malice, but merely the manner in which malice may be shown to exist. That is either by direct evidence or by inference from the facts and circumstances which have been proved.

Expressed malice is shown when the person speaks words which express hatred or ill will for another or when the person prepared beforehand to do the act which was later accomplished. For example, lying-in-wait for a person or any other acts or preparation going to show that the deed was within the Defendant's mind would be expressed malice.

Malice may also be inferred from conduct showing a total disregard for human life. And inferred malice may also rise where the deed is done with a deadly weapon. A deadly weapon is any article, instrument or substance which is likely to cause death or great bodily harm. And whether an instrument has been used as a deadly weapon depends on the facts and circumstances of each case.

(App. 231-32).

The petitioner's claim in this ground is without merit. The jury instruction given by the trial judge did not shift the burden of proof in the petitioner's trial. First, the petitioner's assertion that the trial court instructed the jury that malice could be presumed from the use of a deadly weapon is not supported by the record. Both the South Carolina Supreme Court and the United States Supreme Court have consistently held that mandatory presumptions of malice violate a defendant's due process. See *Lowry v. State*, 657 S.E.2d 760, 764 (S.C. 2008) (citing *Yates v. Aiken*, 484 U.S. 211 (1988)); *Francis v. Franklin*, 471 U.S. 307 (1985); *Sandstrom v. Montana*, 442 U.S. 510 (1979); *Arnold v. State/Plath v. State*, 420 S.E.2d 834 (S.C. 1992)). However,

A permissive inference does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved. Such inferences do not necessarily implicate the concerns of *Sandstrom*. A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury.

16

*Francis*, 471 U.S. at 314-15.  As can be seen in the jury instruction, the trial court only informed the jury that malice **may** be inferred when the deed leading to the death was done with a deadly weapon.  The jury was not instructed that they were to presume malice.  The inference referenced in the instruction was permissive.  Thus, the instruction did not shift the burden of proof.  As a result, the petitioner's claim for relief is without merit.

### Ground Two

In Ground Two, the petitioner asserts trial counsel was ineffective because he failed to request a lesser included offense of voluntary manslaughter at the petitioner's trial.  Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687.  To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.  Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697.

The PCR court denied relief upon this claim.  In the order, the PCR court noted that at the PCR evidentiary hearing, the petitioner claimed that defense counsel was ineffective in failing to request a jury charge on the lesser-included offense of voluntary manslaughter.  Mr. Byrholdt testified that did not pursue a voluntary manslaughter defense because no evidence of legal provocation existed.  The PCR court found no evidence in the record that would support a lesser-included offense charge of voluntary manslaughter (App. 334-35, 337-38).  The petitioner's defense was that he did not shoot the victim.  In such circumstances, lesser-included offense instruction would not be warranted.  Thus, the PCR

17

court found that counsel was not ineffective for failing to request a jury charge on manslaughter (App. 338).

The PCR court further found that the petitioner's allegation that counsel was ineffective for not presenting a voluntary manslaughter defense was without merit. Counsel testified that he discussed a voluntary manslaughter defense with the petitioner. However, counsel testified that during pretrial discussions the petitioner was adamant that he was completely innocent. Additionally, counsel testified that no legal provocation existed to warrant a manslaughter strategy (App. 338). Thus, the PCR court found that counsel presented valid reasons at the evidentiary hearing to not present a trial defense of voluntary manslaughter where the petitioner insisted upon a trial strategy of complete innocence (App. 338 (citing *Moultrie v. State*, 583 S.E.2d 436 (S.C. 2003) (where defendant's defense was that he never assaulted the victim at all, a lesser-included offense charge was not warranted)). Therefore, the PCR court denied and dismissed this allegation.

The petitioner cannot show the PCR court's denial of relief upon this claim was the result of an unreasonable determination of the facts. The PCR court's factual findings are supported by the record. The petitioner did claim that trial counsel was ineffective for not requesting a voluntary manslaughter charge (App. 324; *see generally* App. 320-23). Trial counsel did testify he did not pursue a voluntary manslaughter charge because there was no evidence in the record to support a finding of legal provocation (App. 310-11, 314-15). Since the PCR court's factual findings are supported by the record, the petitioner cannot establish the PCR court made an unreasonable determination of the facts in addressing this claim.

The petitioner also cannot show the PCR court unreasonably applied federal law in denying relief upon this claim. "'Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation.'" *State v. Locklair*, 535 S.E.2d 420, 424 (S.C. 2000) (quoting *State v. Johnson*, 508 S.E.2d 29 (S.C. 1998)). Both heat of passion and sufficient legal provocation must be present at the time of the killing to constitute voluntary manslaughter. *Id.* The PCR court found there was no evidence

to support a finding of legal provocation, one of the elements of voluntary manslaughter. Thus, as a matter of state law, the petitioner was not entitled to a voluntary manslaughter jury instruction. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Since the petitioner was not entitled to a jury charge on voluntary manslaughter as a matter of state law, the petitioner could not show that trial counsel was deficient in not requesting the charge. Furthermore, the petitioner cannot establish he was prejudiced because he would not have received the charge if requested. Accordingly, this ground should be dismissed.

### Ground Three

In Ground Three, the petitioner contends trial counsel was ineffective in not objecting to the sufficiency of the murder indictment prior to jury empanelment. Even if this claim was not procedurally barred, it fails upon the merits. As argued by the respondent, this claim was neither specifically raised nor ruled upon by the PCR court. However, the PCR court's ruling on the petitioner's claims of ineffective assistance of counsel on similar issues clearly establishes the petitioner would not have been entitled to relief upon this claim. In addressing the petitioner's argument that trial counsel failed to argue the time and place of the victim's death as a defense to the indictment (*see* App. 334), the PCR court found that trial counsel did argue such during his closing argument and, therefore, dismissed the allegation (App. 339 (citing App. 224-25). Further, in addressing the petitioner's claim that trial counsel should have raised a challenge to the issuance of an arrest warrant that was not certified, the PCR court found "that the Grand Jury returned valid indictments against [the petitioner]" (App. 340).

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68; *see Plyler v. Moore*, 129 F.3d 728, 734 (4th Cir. 1997). State indictments are matters of state law that are not cognizable in federal habeas corpus. *See Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir.1998). In light of the PCR court's finding that the indictments were valid, the petitioner

19

cannot show that trial counsel was deficient because there was no issue with the indictments.[3] Furthermore, the petitioner cannot establish he was prejudiced by counsel not raising any challenge to the sufficiency of the indictment because the indictment was valid, as found by the PCR court as a matter of state law. Any such challenge would have been unsuccessful. Thus, the petitioner cannot establish trial counsel was ineffective in this regard, and Ground Three should be dismissed.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 10) be granted.

s/ Kevin F. McDonald
United States Magistrate Judge

January 27, 2012
Greenville, South Carolina

---

[3] South Carolina courts have long held that indictments that provide the date of the crime and the county where it occurred are sufficient under the indictment statute. In *Jones v. State*, 507 S.E.2d 324(S.C. 1998), the South Carolina Supreme Court stated as follows: "As to the place the crime was committed, the statute requires only that it be sufficiently alleged so as to lay the jurisdiction of the court and inform the accused of the county in which he is charged with a violation of the law. The State is not required to plead its evidence in the indictment." *Id.* at 326 (citations omitted). Also, in *State v. Gentry,* 610 S.E.2d 494 (S.C. 2005), the South Carolina Supreme Court held that defective indictments have no effect on whether a court has subject matter jurisdiction over a criminal case. "[P]resentment of an indictment or waiver of presentment is not needed to confer subject matter jurisdiction on the circuit court. However, an indictment is needed to give *notice* to the defendant of the charge(s) against him." *Id.* at 499 n. 6 (emphasis in original).

20

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).