IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Cedrick Clinkscales, ) | |
| ) | CA No. 6:11-1160-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Robert M. Stevenson, III, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**I.**

Petitioner Cedrick Clinkscales (Clinkscales), a state prisoner incarcerated at Broad River Correctional Institution (BRCI) and proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) The defendant, the warden of BRCI, filed a return to the petition and motion for summary judgment on July 15, 2011. (Dkt. Nos. 11, 10.) The United States magistrate judge filed a Report and Recommendation (Report) on January 27, 2011, recommending that this court grant the motion for summary judgment. (Dkt. No. 20.) This court accepts the Report and grants the motion for summary judgment.

**II.**

The Report sets forth the facts and procedural history in detail, which the court adopts here. Briefly, Clinkscales is currently incarcerated at BRCI. His incarceration stems from his conviction by a jury in the Anderson County Court of General Sessions for murder and possession of a firearm during the commission of a violent crime. The state circuit court judge sentenced Clinkscales to forty years for the murder conviction and five years for the possession conviction.

Clinkscales filed a direct appeal which was dismissed in an unpublished opinion by the

South Carolina Court of Appeals.[1] He subsequently filed an application for post-conviction relief (PCR), which was denied with prejudice following an evidentiary hearing. Clinkscales then filed a notice of appeal. On appeal, he was represented by the Appellate Division of the South Carolina Commission on Indigent Defense, which filed a petition for a writ of certiorari pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988). In the *Johnson* petition, counsel asserted that the petition was without merit and requested to be relieved as counsel. Clinkscales also filed a pro se petition. Following review, the South Carolina Supreme Court denied certiorari and granted counsel's request to withdraw.

Clinkscales then filed his habeas petition pursuant to 28 U.S.C. § 2254. In his petition, Clinkscales made three allegations: (1) the trial court erred by shifting the burden on the presume malice jury charge; (2) his trial counsel erred by failing to request a jury instruction on voluntary manslaughter as a lesser-included charge; (3) his trial counsel erred in failing to challenge the sufficiency of the indictment.

The magistrate judge issued the Report on January 27, 2012. (Dkt. No. 20.) In the Report, the magistrate judge recommended granting the defendant's motion for summary judgment. (Dkt. No. 10.) As to Ground I, the magistrate judge recommended finding that the claim is not procedurally barred, as was claimed by the respondent, but was nonetheless without merit because the trial court's jury instruction was proper. As to Ground II, the magistrate judge recommended finding that trial counsel was not ineffective for failing to request a manslaughter instruction. Finally, as to Ground III, the magistrate judge recommended finding the claim is procedurally

---

[1] Clinkscales' appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), while Clinkscales filed a pro se brief. The South Carolina Court of Appeals granted counsel's motion to be relieved when dismissing Clinkscales' appeal.

barred for failure to raise this issue in his PCR application.[2]

Clinkscales timely filed objections to the Report. (Dkt. No. 23.)[3] He listed a number of objections, some of which overlapped, summarized here:[4]

(1) The magistrate judge erred by finding that the jury instruction did not shift the burden as to Ground I;
(2) (included in (1) above)[5];
(3) the magistrate judge erred by finding that his allegation in Ground II was without merit;
(4) (included in (3) above);
(5) (included in (3) above);
(6) the magistrate applied the incorrect standard when finding that Ground III is procedurally barred;
(7) the magistrate judge applied the incorrect standard in determining that Ground III nonetheless fails upon the merits; and
(8) magistrate applied the incorrect summary judgment standard.

The respondent also filed an objection, stating that the magistrate judge erred by determining that Ground I was not procedurally barred. (Dkt. No. 22.)

### III.

#### A. Ground I

Clinkscales lists one objection to the recommendation as to Ground I: the trial court erred in issuing a presumed malice charge that shifted the burden of proof. The court finds this objection

---

[2] The magistrate judge recommended, in the alternative, finding Ground Three to be meritless because the indictments were valid under state law.

[3] Objections to the Report were due by February 13, 2012. The court notes that Clinkscales' objections were not stamped as received by the BRCI mailroom until February 17, 2012. However, another envelope in the record, which was mailed to the district court in Greenville, is stamped as received on February 10, 2012. Additionally, the objections were purportedly signed by Clinkscales on February 9, 2012. Giving Clinkscales the benefit of the doubt, the court will construe his objections as timely.

[4] The court notes that Clinkscales objections largely consist of stating, "Petitioner objects to the Magistrate's conclusion," followed by statements copied verbatim from the Report. The court has grouped his objections together as they correspond to Clinkscales' initial grounds as stated in his petition.

[5] Clinkscales' Objection #2 is essentially the same allegation stated differently.

unpersuasive and adopts the recommendation of the magistrate judge.[6]

As noted in the Report, a mandatory presumption of malice violates due process. *Francis v. Franklin*, 471 U.S. 307 (1985); *Yates v. Aiken*, 484 U.S. 211 (1988); *Sandstrom v. Montana*, 442 U.S. 510 (1979). However, a permissive inference does not shift the burden because the state must still convince the jury that malice should be inferred based upon the facts and circumstances of the case. *Francis*, 471 U.S. at 314–15. Further, "A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury. *Id*.

> When giving the jury instruction, the trial judge stated,
>
> Now, malice aforethought may be expressed or inferred. And these terms, expressed and inferred, do not meet different kinds of malice, but merely the manner in which malice may be shown to exist. That is either by direct evidence or by inference from the facts and circumstances which have been proved.
>
> Expressed malice is shown when the person speaks words which express hatred or ill will for another or when the person prepared beforehand to do the act which was later accomplished. For example, lying-in-wait for a person or any other acts or preparation going to show that the deed was within the Defendant's mind would be expressed malice.
>
> Malice may also be inferred from conduct showing a total disregard for human life. And inferred malice may also rise when the deed is done with a deadly weapon A deadly weapon is any article, instrument or substance which is likely to cause death or great bodily harm. And whether an instrument has been used as a deadly weapon depends on the facts and circumstances of each case.

This instruction contains no statement that could be construed as an instruction on presumed malice; instead it speaks of both express and inferred malice. The court finds that the jury instruction was proper and did not shift the burden of proof. Accordingly, the court adopts the

---

[6] The respondent also filed objections as to this recommendation, stating that Ground One is procedurally barred and that the magistrate judge should not have addressed Ground One on the merits. The court agrees with the magistrate judge's recommendation on the merits, however, and declines to address the procedural bar issue.

recommendation of the magistrate judge.

## B.  Ground II

As stated above, Clinkscales lists three objections relating to Ground II, which can be summarized as a general objection to the recommendation as to Ground II. In Ground II, Clinkscales alleges that his trial counsel was ineffective in failing to request a voluntary manslaughter instruction. The court finds this objection without merit.

As stated in the Report, *Strickland v. Washington*, 466 U.S. 668 (1984) governs allegations of ineffective assistance of counsel. The petitioner "must show that counsel's performance was deficient," which entails showing that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 687, 688. Additionally, the petitioner must show that the deficient performance caused actual prejudice. *Id*. at 694.[7]

At the PCR hearing, Clinkscales' trial counsel testified that no evidence existed of legal provocation justifying a voluntary manslaughter instruction. Further, Clinkscales' defense was that he did not shoot the victim—which of course would not warrant a lesser-included offense instruction. As such, the PCR court found that the trial counsel's performance was not deficient. Furthermore, because a voluntary manslaughter instruction was not warranted in this case, Clinkscales cannot show that he was prejudiced by his trial counsel's failure to pursue such an instruction. After a review of the record, the court finds that the PCR court's determination is supported by the record.[8] The court therefore adopts the recommendation of the magistrate judge

---

[7]     In assessing an ineffective assistance claim, a court may first determine if actual prejudice was suffered if easier to dispose of the claim. *Id*. at 697.

[8]     Clinkscales' final Ground II objection is that the "PCR court made no attempt to apply *Strickland* to this claim." The court has reviewed the PCR court's order of dismissal and finds that the PCR court adequately applied *Strickland* to this claim. The court further notes that the magistrate judge, in the Report, also adequately applied *Strickland* to this claim.

as to Ground II.

### C. Ground III

Turning now to Ground III, the court adopts the recommendation that Ground III is procedurally barred. Clinkscales did not raise this claim in his PCR application, and it was not ruled upon by the PCR court. Because it was not ruled upon by the PCR court, it could not have been ruled upon on appeal by the South Carolina Supreme Court. Accordingly, this claim is barred from review in his habeas petition. *See Coleman v. Thompson*, 501 U.S. 722 (1977).[9]

Clinkscales also objected to the Report as to the merits of Ground III.[10] Because the court adopts the magistrate judge's recommendation as to the procedural bar, the court declines to address the merits of Ground III.

### D.

In his final objection, Clinkscales states that the magistrate judge applied the incorrect standard for summary judgment. This objection is unpersuasive.

In identifying the standard for adjudicating a motion for summary judgment, the magistrate judge cited well-established law:

> Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has

---

[9] As noted in the Report, the failure to raise an issue in a PCR application may be excused upon the showing of cause and actual prejudice or innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Clinkscales did not object to the magistrate judge's recommendation on this point, and the court adopts the recommendation of the magistrate judge.

[10] The magistrate judge addressed both the procedural bar and the merits of this issue in the Report.

been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the the the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The court holds that the magistrate judge cited to the correct summary judgment standard and properly applied this standard to each of Clinkscales' claims.

## IV.

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (Dkt. No. 20.) It is therefore **ORDERED** that the respondent's motion for summary judgment is **GRANTED**. (Dkt. No. 10.) Clinkscales' petition for a writ of habeas corpus is **DISMISSED** with prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a

constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
Timothy M. Cain  
United States District Judge

Greenville, South Carolina  
March 27, 2012